UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 17-32836-WRS
                                                                     Chapter 13
ANGELO ALLECA,

      Debtor

**MEMORANDUM DECISION**

This case came before the Court on the Debtor's Motion to Excuse Debtor from Section 341 Hearing ("Motion to Excuse") on October 31, 2017. (Doc. 8). Debtor Angelo Alleca was present by and through counsel Michael Fritz Sr. and the Bankruptcy Administrator was present through Britt Griggs. Carly Wilkins appeared on behalf of Chapter 7 Trustee Susan DePaola, raising an objection to the present motion. The issue before the Court is whether the Debtor has shown a dire necessity exists to justify excusing his attendance at an 11 U.S.C. § 341 meeting of creditors. For the reasons set forth below, the Debtor failed to meet his burden under Local Bankruptcy Rule 2003-1; thus, the Debtor's Motion to Excuse Debtor from Section 341 Hearing is DENIED.

**I. Facts**

Debtor Angelo Alleca filed a petition in bankruptcy pursuant to Chapter 7 of the Code on October 2, 2017. (Doc. 1). The § 341 meeting of creditors was initially scheduled to occur on November 3, 2017; however, due to the present Motion to Excuse being taken under advisement by this Court, the hearing was continued. At the October 31 hearing, Fritz stated that the Debtor

was imprisoned on a federal ponzi scheme conviction prior to the filing of his petition and is serving time in the Federal Prison Camp at Maxwell Air Force Base. According to Fritz, Debtor's motive in filing his petition in bankruptcy is to seek a fresh start and begin repairing his credit history while awaiting his release from federal prison, which was estimated to be five years from the date of his petition. Upon Debtor's incarceration, a receiver marshaled all of Debtor's possessions, which Debtor values at $1,345, $300 of which are claimed as exempt. (Doc. 1). Debtor's liabilities consist of $24,423 in student loans, $24,800,000 in restitution, and more than $2,000,000 in other unsecured debts. Debtor's present motion requests that this Court excuse the Debtor's attendance from the § 341 examination. The Motion to Excuse states that Debtor is "willing to answer any questions by written Interrogatories as required by the Trustee." (Doc. 8, paragraph 4).

At the October 31 hearing, Carly Wilkins, appearing on behalf of Susan DePaola, objected to the meeting of creditors taking place by interrogatories. Britt Griggs, on behalf of the Bankruptcy Administrator, stated that she plans to file a motion to dismiss based on the lack of necessity of the filing, citing Debtor's arguably nondischargeable debts and recent New York residency.

## II. Law

### A. Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This is a final order.

-2-

Case 17-32836    Doc 18    Filed 01/24/18    Entered 01/24/18 07:14:35    Desc Main
Document    Page 2 of 6

## B. Debtor's Motion Fails to Show a Dire Necessity for Excusing Debtor's Attendance from the § 341 Meeting of Creditors

Under 11 U.S.C. § 343, a "debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." The plain language of § 343 suggests that the Court has little discretion to excuse a debtor from physically attending the meeting of creditors. *In re Martin*, 12 B.R. 319, 320 (Bankr. S.D. Ala. 1981). Historically, however, a majority of courts waive the physical attendance requirement and allow appearance by alternative means if the debtor can establish good cause supporting a waiver of the plain language requirement in § 343. Typically, conducting a § 341 examination by interrogatories is proper only in relatively simple cases in which the trustee will not find it necessary to ask followup questions. *See In re Loudon*, 2008 WL 215700, at *2 (Bankr. D. Vt. Jan. 16, 2008). Excusing a Debtor's physical attendance at the § 341 meeting of creditors in this District is controlled by Local Bankruptcy Rule 2003-1[1], which provides that "[i]n cases of dire necessity, a personal appearance of a debtor may be excused at a Section 341 meeting, upon the filing of a properly supported motion. . . . Motions based upon a debtor's incarceration shall be supported by copies of a judgment and conviction, or other process of the court which has ordered the incarceration." M.D. Ala. LBR 2003-1(e).

At the October 31 hearing, Debtor's counsel referenced Local Rule 2003-1 in support of the Motion to Excuse Debtor's attendance from the meeting of creditors; however, Debtor failed

---

[1] Effective December 1, 2017, this Court adopted an amended version of Rule 2003-1, Fed. R. Bankr. P. The amended rule provides that a Debtor's attendance at the § 341 examination may be excused "in cases of emergency . . . ." Despite the semantic difference between the present and former Rule 2003-1, the outcome of the present motion is the same. Nevertheless, in accordance with *Landgraf v. USI Film Products*, 511 U.S. 244, 275 (1994), this Court will apply the standard provided for in the rule that was effective on the date of the underlying motion—"in cases of dire necessity . . . ." This is done, in part, because the title page of the amended rules provides that the rules are "[c]urrent as of December 1, 2017" and the present motion was filed on October 12, 2017.

Case 17-32836    Doc 18    Filed 01/24/18    Entered 01/24/18 07:14:35    Desc Main
Document      Page 3 of 6

to show that his incarceration resulted in a dire necessity justifying Debtor being excused from attending the meeting of creditors in-person.[2] Furthermore, as required by Local Rule 2003-1, Debtor failed to provide copies of his judgment and conviction, or any other process of the court ordering the incarceration, in support of his Motion to Excuse. The Court notes that Debtor attached an email from CorrLinks to his Motion to Excuse. This email references Angelo Alleca, "a federal prisoner," and appears to be instructions for contacting the Debtor electronically during his incarceration. Despite the attached email stating that the Debtor is presently incarcerated, the motion fails to satisfy the requirements provided for in Local Rule 2003-1.

Furthermore, Debtor's bankruptcy case is not a simple Chapter 7 case as the Debtor's financial affairs are directly correlated to his present incarceration and ponzi scheme conviction. His financial affairs, specifically the $24,800,000 in restitution resulting from the ponzi scheme and, possibly, the $2,000,000 in other unsecured debt, may determine whether the Debtor is entitled to a discharge pursuant to 11 U.S.C. § 727. If the Trustee were to conduct the § 341 examination by interrogatories, it is likely that multiple back and forth rounds of questions will be necessary to complete the examination. Even with multiple rounds of questions, the Trustee is likely to face insurmountable difficulty in fulfilling her duties. Given the facts of this case, "[i]nterrogatories do not amount to attending the meeting, as they are more like the functional equivalent of the debtor's schedules and statement of financial affairs, and do not substitute for an oral examination based, in part, on schedules and statement of financial affairs." *In re Moore*,

---

[2] Other courts holding that similar incarceration does not justify excusing debtors' attendance at the § 341 examination include: *In re Moore*, 309 B.R. 725 (Bankr. N.D. Tex. 2002); *In re Sochia*, 231 B.R. 158 (Bankr. W.D. N.Y. 1999); *In re Moore*, 2012 WL 6947810 (Bankr. S.D. Ga., Aug. 24, 2012) (Barrett); and *In re Michael*, 2000 WL 35925377 (Bankr. S.D. Ga., Dec. 20, 2000) (Davis);

309 B.R. 725, 728 (Bankr. N.D. Tex. 2002). Given the likely complexity of the facts relating to Debtor's financial affairs, which are related to a financial fraud perpetrated on a number of victims, the Trustee in this case may have serious difficulty fulfilling her fiduciary duties in an effective, comprehensive, and economic manner without the Debtor's in-person participation at the meeting of creditors. The fact that the Trustee has objected to the Debtor's Motion to Excuse further supports this conclusion.

### III. Conclusion

Considering the totality of the circumstances, the Court concludes that the Debtor has failed to meet his burden and has not shown an alternative method exists that is functionally equivalent to the Debtor attending the § 341 examination in person. Thus, there is good cause to deny Debtor's motion. For the reasons stated above, Debtor's Motion to Excuse Debtor from Section 341 Hearing (Doc. 8) is DENIED. The Court will enter an order by way of a separate document.

Done this 23rd day of January, 2018.

United States Bankruptcy Judge

c: Michael A. Fritz Sr., Attorney for Debtor
　Susan S. DePaola, Trustee
　Teresa R. Jacobs, Bankruptcy Administrator